| | | |
|---|---|---|
| AUSA: | Meagan D. Johnson, AFR | Telephone: (312) 912-4050 |
| Special Agent: | Michael Day, DOT OIG | Telephone: (562) 922-9787 |

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
INFORMATION ASSOCIATED WITH )
@alliedasphaltpaving.com THAT IS STORED AT A )
PREMISES CONTROLLED BY RACKSPACE US, INC. )

Case No. Case: 2:20−mc−51306 - 1
Assigned To : Michelson, Laurie J.
Assign. Date : 10/28/2020
IN RE: SEALED MATTER (CMC)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Western   District of   Texas  .
*(identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A.

> I hereby certify that the foregoing is a certified copy of the original on file in this office.
> **Clerk, U.S. District Court**
> **Eastern District of Michigan**
> By: *s/Carolyn Ciesla*
> Deputy

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See ATTACHMENT B.

**YOU ARE COMMANDED** to execute this warrant on or before   November 10, 2020   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   the presiding United States Magistrate Judge on duty  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for    days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of     .

Date and time issued:   October 28, 2020    11:06 am

*Judge's signature*

City and state:   Detroit, Michigan    Hon. R. Steven Whalen, U. S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)   Rackspace

| Return |||
|---|---|---|
| Case No.:<br>20-mc-51306-1 | Date and time warrant executed:<br>10/28/2020 → 3:34 PM | Copy of warrant and inventory left with:<br>Steve Pirilo @ Rackspace |

Inventory made in the presence of:
Shyan Srinivasan (ATR)

Inventory of the property taken and name of any person(s) seized:

- A keyword search was performed on all of the records provided by Rackspace.
- 722,979 records were seized in response to the keywords.
- These electronic records include emails, calendar items, and associated attached files.

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 04/27/2021

_____
Executing officer's signature

Michael R. Day, Special Agent
Printed name and title

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with accounts related to @alliedasphaltpaving.com that are in the possession, custody or control of Rackspace US, Inc. a company that accepts service of legal process at 1 Fanatical Place, City of Windcrest, San Antonio, TX 78218.

## ATTACHMENT B

### Particular Things to be Seized

**I.    Information to be disclosed by Rackspace US, Inc. (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on April 30, 2020 and July 29, 2020, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.    The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b.    All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.    The types of service utilized;

d.    All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

14

    e.    All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 15 U.S.C. § 1, those violations involving Allied, Andrew Foster and Kevin Shell and occurring after January 1, 2008 for the account listed on Attachment A., including, but not limited to the following matters:

(a) Any and all records relating to communications, contacts, agreements, or understandings with or regarding possible co-conspirators; communications with or regarding any competitors, including any discussions regarding meetings with competitors; discussions with competitors regarding the sales of asphalt or paving services; information demonstrating consciousness of guilt or state of mind as it relates to the crime under investigation;

(b) Any and all records relating to award or performance of contracts affected or potentially affected by scheme; information regarding requests for quotation or existing business with customers; information regarding customer accounts or payments received by customers.

(c) Information regarding the corporation, including management, control, employees and ownership of Allied; and

(d) Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner.

15